ATTORNEY GENERAL HENRY HAS DIRECTED ME TO RESPOND TO YOUR RECENT LETTER IN WHICH YOU RAISE SEVERAL LEGAL QUESTIONS PERTAINING TO THE LEGAL RIGHTS AND RESPONSIBILITIES OF VARIOUS PUBLIC OFFICIALS IN THE HANDLING OF STUDENT TRANSFER FEES. SEE, GENERALLY, 70 O.S. 8-101 (1988), ET Q., AS AMENDED. YOUR QUESTIONS, UNFORTUNATELY ARE NOT SUSCEPTIBLE OF DEFINITIVE ANSWERS AS A MATTER OF LAW, HINGING AS THEY DO ON A WIDE ARRAY OF FACT BASED VARIABLES. THE OFFICE OF ATTORNEY GENERAL, OF COURSE, HAS NO LEGALLY SUFFICIENT AUTHORITY FOR ASCERTAINING THE PREDICATE FACTS UPON WHICH TO BASE AN OFFICIAL OPINION. SEE, 74 O.S. 18B(E) (1988) WHICH IMPLICITLY LIMITS THE OFFICIAL OPINION PROCESS TO QUESTIONS WHICH MAY BE ANSWERED PURELY AS A MATTER OF LAW.
YOUR QUESTIONS PARALLEL CLOSELY THOSE POSED BY CLIFTON SCOTT, THE STATE AUDITOR AND INSPECTOR. (I HAVE ENCLOSED FOR YOUR INFORMATION COPIES OF OUR PRIOR CORRESPONDENCE WITH MR. SCOTT.) ALTHOUGH MR. SCOTT SOUGHT ONLY OUR INFORMAL ADVICE, NOT THE ATTORNEY GENERAL'S OFFICIAL OPINION, IT WAS READILY APPARENT TO US ON THAT OCCASION THAT THERE WAS NO UNIFORMALLY APPLICABLE LEGAL ANSWER TO HIS QUESTIONS. NOTWITHSTANDING THAT YOUR QUESTIONS SEEK TO HOLD CONSTANT THE UNDERLYING FACTS, MY CONVERSATIONS WITH INQUIRING INTERESTED PERSONS INDICATE THAT THERE ARE MANY LEGALLY SIGNIFICANT VARIATIONS ON THE SCENARIOS PRESENTED IN YOUR LETTER. THUS IT IS EXTREMELY UNLIKELY THAT WE COULD ISSUE AN OPINION THAT WOULD BE MEANINGFUL IN ALL CASES OR WOULD EVEN APPLY TO ALL "PARTIES". FURTHER, IT IS HIGHLY LIKELY THAT SOME SCHOOLS WILL SEEK TO VINDICATE THEIR RIGHTS IN THE COURTS NO MATTER WHAT OPINION THE ATTORNEY GENERAL WOULD ISSUE. BECAUSE ANY OPINION OF THIS OFFICE WOULD NECESSARILY FAIL TO TAKE INTO ACCOUNT KEY FACTS OF LEGAL SIGNIFICANCE, THAT RESPONSE IS UNDERSTANDABLE.
MUCH OF THE DIFFICULTY IN ADDRESSING THE ISSUES YOU RAISE ARISES BECAUSE OF THE LEGAL UNCERTAINTIES SURROUNDING THE IMPORT OF A CONCLUSION BY THE ATTORNEY GENERAL THAT A GIVEN STATUTE IS UNCONSTITUTIONAL. I HAVE TAKEN THE LIBERTY OF QUOTING TO YOU AT LENGTH FROM MY LETTER TO MR. SCOTT THAT PORTION THAT ADDRESSES THIS PROBLEM. AS YOU KNOW, THE RECENT STATUTORY CHANGES ALLUDED TO IN YOUR LETTER APPARENTLY WERE TRIGGERED BY THE ATTORNEY GENERAL'S VIEW, EXPRESSED IN OPIN. NO. 87-134, THAT 70 O.S. 8-110(B) UNCONSTITUTIONALLY EXEMPTED CERTAIN DEPENDENT SCHOOL DISTRICTS FROM PAYING TRANSFER FEES WHEN A STUDENT IS TRANSFERRED FROM HIS HOME DISTRICT, WHILE THE STATUTE REQUIRED ALL OTHER DEPENDENT SCHOOL DISTRICTS TO PAY SUCH FEES. THAT PROVISION WAS REPEALED BY H.B. 1372, BUT NOT BEFORE A VARIETY OF INCONSISTENT ACTIONS, SOME OF WHICH MAY HAVE BEEN TAKEN IN RELIANCE ON A.G. OPIN. NO. 87-134, HAD OCCURRED AT THE LOCAL LEVEL. SOME OF THE FACT-SPECIFIC ISSUE INVOLVED THE LEGAL SIGNIFICANCE FOR PUBLIC OFFICIALS OF PRONOUNCEMENTS BY THE ATTORNEY GENERAL THAT A STATUTE IS UNCONSTITUTIONAL. IT HAS BEEN GENERALLY RECOGNIZED, SINCE YORK V. TURPEN, 681 P.2D 763 (OKLA. 1984), THAT WHEN THE ATTORNEY GENERAL STATES THAT A STATUTE IS UNCONSTITUTIONAL, THE DECISION IS ADVISORY ONLY BECAUSE THE COURTS RESERVE SUCH ULTIMATE JUDICIAL POWER TO THEMSELVES. THIS DOES NOT MEAN, HOWEVER, THAT SUCH AN OPINION DOES NOT HAVE IMPORTANT POTENTIAL IMPLICATIONS FOR PUBLIC OFFICIALS. AS THE OKLAHOMA SUPREME COURT NOTED IN ALLEN V. BOARD OF TRUSTEES OF THE OKLAHOMA UNIFORM SYSTEM FOR JUSTICES AND JUDGES, 769 P.2D 1302, 1308, FN.33 (OKLA. 1989):
 THE AGENCY'S ADHERENCE TO THE ATTORNEY GENERAL'S OPINION WAS NOT UNWARRANTED. THE BOARD FACED A PERIL OF LIABILITY IF IT PAID OUT BENEFITS IN CONTRAVENTION OF THE ATTORNEY GENERAL'S OPINION AND A COURT DECLARED LATER THAT 67.13A WAS INVALID. THE BOARD HAD NO VIABLE ALTERNATIVE. IT WAS COMPELLED TO ACT IN ACCORDANCE WITH THE ATTORNEY GENERAL'S PRESCRIBED NORM OF LEGAL CONDUCT UNTIL A CONTRARY JUDICIAL DECISION WAS REACHED. IN STATE EX REL. YORK V. TURPEN, OKL., 681 P.2D 763, 767 (1984), THIS COURT HELD THAT AN ATTORNEY GENERAL'S OPINION WHICH STATES THAT A LEGISLATIVE ACT IS UNCONSTITUTIONAL SHOULD BE CONSIDERED ADVISORY ONLY AND NOT BINDING ON STATE OFFICIALS UNTIL SO DETERMINED BY A DISTRICT COURT. PRIOR TO YORK, OUR JURISPRUDENCE VIEWED AN ATTORNEY GENERAL'S OPINION AS BINDING UPON THE STATE OFFICIAL AFFECTED BY IT. SEE, RASURE V. SPARKS, OKL. 75 OKL. 181, 183 P. 495, 498 (1919) AND PAN AMERICAN PETRO. CORP. V. BOARD OF TAX ROLL COR., OKL., 510 P.2D 680, 681 (1973). WHETHER THE LEGAL ADVICE OF THE ATTORNEY GENERAL BE CONSIDERED BINDING OR MERELY ADVISORY, A STATE AGENCY IS DEEMED PROTECTED FROM LIABILITY WHEN IT HEEDS THE ADVICE GIVEN BY THE CHIEF LAW OFFICER OF THE STATE. SEE 74 O.S. 18B(E).
ALTHOUGH THE FOREGOING COMMENT BY THE COURT IS NOT SO CLEAR AS TO REMOVE ALL DOUBT, IT IS LIKELY THAT THE FACTUAL ISSUES OF RELIANCE BY LOCAL OFFICIALS ON A.G. OPIN. NO. 87-134 MAY WELL BE A CRITICAL FACTOR IN DETERMINING THE RESPECTIVE RIGHTS AND RESPONSIBILITIES OF THE VARIOUS POTENTIAL DISPUTANTS IDENTIFIED IN YOUR LETTER.
THUS, SOME DEPENDENT DISTRICTS THAT HAD BEEN EXEMPT FROM PAYMENT OF TRANSFER FEES DECIDED TO PAY, OTHERS DID NOT. SOME DISTRICTS WHICH HAD BEEN REQUIRED TO PAY TRANSFER FEES CONTINUED TO PAY; OTHERS DID NOT. SOME LOCAL OFFICIALS MAY HAVE FELT THEY COULD ACT IN RELIANCE ON THE OLD STATUTE (70 O.S. 8-110)(B)) (NOTWITHSTANDING A.G. OPIN. NO. 87-134); OTHERS MAY NOT HAVE. SOME LOCAL OFFICIALS MAY HAVE TAKEN POSITIONS, OR ACTED, IN RELIANCE ON THE ADVICE OF LEGAL COUNSEL (DISTRICT ATTORNEYS OR PRIVATE COUNSEL) AND OTHER DIVERSE FACTS, UNKNOWN TO THIS OFFICE, MAY HAVE CREATED VIABLE RELIANCE OR ESTOPPEL ARGUMENTS ON EITHER, OR BOTH, SIDES OF THE QUESTIONS YOU POSED SHOULD THESE ISSUES BE LITIGATED. NONE OF THE FOREGOING MEANS THAT THE QUESTIONS YOU POSED ARE UNANSWERABLE. IT SIMPLY MEANS THAT THE ANSWERS MAY WELL BE DIFFERENT IN INDIVIDUAL CASES, DEPENDING UPON THE RELEVANT FACTS, WHICH ARE TOO NUMEROUS, LOCALIZED, AND DIVERSE TO ISOLATE FOR PURPOSES OF EVEN AN INFORMAL LETTER OPINION. LOCAL OFFICIALS WILL BE BEST SERVED IF THEY CONSULT AND RELY ON COMPETENT LOCAL COUNSEL TO ASCERTAIN THE LEGAL SIGNIFICANCE OF THE ALTERNATIVE COURSES OF ACTION AVAILABLE TO THEM IN LIGHT OF THE PECULIAR FACTUAL SCENARIO CONFRONTING THEM.
WITH APOLOGIES FOR THE LENGTH PROLOGUE, I TURN NOW TO YOUR SPECIFIC QUESTIONS. YOUR FIRST QUESTION, WHICH ASKS WHETHER THOSE DEPENDENT SCHOOL DISTRICTS WHICH HAVE NOT PAID TRANSFER FEES FOR FISCAL YEAR 1988-89 CAN BE REQUIRED TO DO SO, IS ANSWERABLE BY REFERENCE TO THE RECENT H.B. 1372 AMENDMENTS TO 70 O.S. 8-101 ET Q., ALLUDED TO IN YOUR LETTER. A NEW SECTION OF LAW, TO BE CODIFIED AT 70 O.S. 81-101(D) (1989) EXPRESSLY CANCELS ANY SUCH OBLIGATION AS OF JULY 1, 1989.
YOUR REMAINING QUESTIONS CANNOT BE ANSWERED AS A MATTER OF LAW. THE ISSUE OF ENTITLEMENT TO REFUNDS CANNOT BE RESOLVED WITHOUT KNOWING, IN AN EVIDENTIARY SENSE, THE TIMING OF THE APPROPRIATION AND ALLOCATION OF FUNDS AND THE DEGREE OF RELIANCE UPON THE ADVICE OF THE ATTORNEY GENERAL AS EXPRESSED IN A.G. OPIN. NO. 87-134. SEE, THE EXTENDED DISCUSSION ABOVE. SOME ADDITIONAL FACTORS TO BE CONSIDERED WOULD INCLUDE THE RELIANCE OF LOCAL OFFICIALS ON LOCAL COUNSEL AND, FOR MANY SCHOOL DISTRICTS, THE TIMING OF LOCAL ACTIONS VIS-A-VIS COURT ORDERS IN A RECENT CLASS ACTION LAWSUIT IN STATE COURT IN MCCURTAIN COUNTY, WHICH WAS NOT DISMISSED, I AM TOLD, UNTIL EARLY IN JUNE OF THIS YEAR, AFTER THE PASSAGE OF H.B. 1372.
THE LEGAL SIGNIFICANCE, IF ANY, OF NORMAL PROTESTS FROM DEPENDENT SCHOOL DISTRICT OFFICIALS TO COUNTY TREASURERS AND EXCISE BOARDS, ALLUDED TO IN YOUR THIRD QUESTION, CANNOT REASONABLY BE ISOLATED AND ADDRESSED APART FROM THE WELTER OF OTHER FACTUAL VARIABLES DISCUSSED ABOVE. I WOULD NOTE, HOWEVER, THAT THERE IS NO STATUTORY PROTEST PROCEDURE THAT CLEARLY APPLIES TO THESE STUDENT TRANSFER FEES. OTHER SUCH PROCEDURES (E.Q., 62 O.S. 206) REQUIRE WRITTEN PROTEST FOLLOWED BY THE FILING OF A LAWSUIT WITHIN A SPECIFIED TIME PERIOD. STANDING ALONE, IT SEEMS UNLIKELY THAT AN ORAL PROTEST WOULD BE LEGALLY SIGNIFICANT.
THE ANSWERS TO YOUR FOURTH AND FIFTH QUESTIONS ARE EXPRESSLY DEPENDENT ON THE AVAILABILITY OF DEFINITIVE ANSWERS TO QUESTIONS NUMBER TWO AND THREE AND, SINCE NO SUCH ANSWER TO THOSE QUESTIONS AS A MATTER OF LAW IS POSSIBLE, THEY ARE NOT ADDRESSED SEPARATELY. AS WITH MR. SCOTT'S COMPARABLE INQUIRIES, I REGRET THAT WE ARE UNABLE TO ENUMERATE AND APPLY THOSE LEGAL PRINCIPLES WHICH WOULD RESOLVE THE ISSUES, EXPRESS AND IMPLIED, NOTED IN YOUR LETTER. THAT, UNFORTUNATELY, IS SIMPLY NOT POSSIBLE IN THIS INSTANCE.
(NED BASTOW)